IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVE ARMSTRONG                                                                                    PLAINTIFF

v.                                    Civil No. 6:17-cv-06085

CORPORAL HEATH DICKSON                                                                  DEFENDANT

# ORDER

Before the Court is Plaintiff Steve Armstrong's failure to obey an order of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on August 25, 2017. (ECF No. 1). On September 5, 2017, Plaintiff filed an Amended Complaint. (ECF No. 7). On April 27, 2018, Defendant filed a Motion for Summary Judgment. (ECF No. 26). That same day, the Court entered an order directing Plaintiff to file a Response to Defendants' motion on or before May 18, 2018. (ECF No. 30). In the Court's order, Plaintiff was advised that failure to respond by the imposed deadline would subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). The order has not been returned to the Court as undeliverable and Plaintiff has not responded to Defendant's Motion for Summary Judgment.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

1

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to file a response to Defendant's motion for summary judgment as directed by the Court's order. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) and Amended Complaint (ECF No. 7) are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 12th day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge